United States District Court

For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY CAMPBELL,<br><br>    Petitioner,<br><br>  v.<br><br>A. HEDGEPETH, Warden,<br><br>    Respondent. | No. C 12-4299 WHA (PR)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND CERTIFICATE OF APPEALABILITY** |

## INTRODUCTION

Petitioner, a California prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus challenging his conviction pursuant to 28 U.S.C. 2254. Respondent was ordered to show cause why the writ should not be granted based upon petitioner's due process claims. Respondent has filed an answer and a memorandum of points and authorities in support of it. Petitioner has not filed a traverse although given an opportunity to do so. For the reasons set forth below, the petition is **DENIED**.

## STATEMENT

The following facts are not disputed. Petitioner was involved in a string of armed robberies of gas stations and a liquor store in Santa Clara County during early April 2008. The specific incident at issue in this petition occurred on April 9, 2008, shortly after midnight when petitioner entered a Chevron Gas Station in Sunnyvale with a mask partially covering his face. Petitioner pointed a gun at forty-five year old cashier Jane Doe, and ordered her to open the

cash register which she did. After robbing the register, petitioner ordered the cashier into the restroom at the back of the gas station where he raped her. On his way out of the gas station, petitioner robbed a customer who had just entered.

Petitioner was initially charged with five counts of robbery, one count of attempted robbery and one count of rape, all enhanced for use of a firearm. One robbery count was dismissed. Petitioner pleaded no contest to the remaining robbery and attempted robbery counts and admitted the firearm use allegations as to all counts. Petitioner did not challenge his convictions on the robbery counts in state court.

The rape charge (count 7) was bifurcated, and petitioner waived a jury trial. During the bench trial, the prosecutor presented the testimony of a DNA expert witness who was cross-examined by the defense. The parties then informed the trial court of the following stipulation:

> Your Honor, at this point, the parties have agreed that in lieu of further testimony from the alleged victim in Count 7, as well as the police officers who conducted the investigation, that the People and the defense will agree upon a stipulation that would include preliminary hearing testimony as well as police reports that can be considered by this Court for the truth of the matter contained in the testimony and contained in the writings in the police reports....

Reporter's Transcript ("RT") at 51, 49-50; Clerk's Transcript at 3-51. The parties argued their respective cases at a subsequent hearing, at the conclusion of which the court found petitioner guilty of the rape and found true the firearm use enhancement. The trial court sentenced petitioner to twenty-five years to life on the rape count and stayed the gun use enhancement.

On appeal, the state appellate court affirmed the judgment on May 26, 2011. The state supreme court summarily denied review on August 10, 2011. Petitioner filed the instant federal petition on August 15, 2012, challenging the rape conviction.

## ANALYSIS

### I.  STANDARD OF REVIEW

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme

2

Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, *Williams (Terry) v. Taylor*, 529 U.S. 362, 407-09 (2000), while the second prong applies to decisions based on factual determinations, *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

Under 28 U.S.C. 2254(d)(2), a state court decision "based on a factual determination will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state-court proceeding." *Miller-El*, 537 U.S. 322 at 340; *see also Torres v. Prunty*, 223 F.3d 1103, 1107 (9th Cir. 2000).

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the court looks to the last reasoned opinion. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991); *Shackleford v. Hubbard*, 234 F.3d 1072, 1079, n. 2 (9th Cir. 2000). In this case, the last reasoned opinion to address petitioner's claims is that of the California Court of Appeal.

## II. PETITIONER'S CLAIMS

As grounds for federal habeas relief, petitioner claims the following: (1) he was denied the opportunity to confront victims and witnesses during trial; and (2) trial counsel rendered ineffective assistance.

### A. DUE PROCESS AND CONFRONTATION CLAUSE

The Confrontation Clause of the Sixth Amendment provides that in criminal cases the accused has the right to "be confronted with the witnesses against him." U.S. Const. amend. VI. The federal confrontation right applies to the states through the Fourteenth Amendment. *Pointer v. Texas*, 380 U.S. 400, 403 (1965). The ultimate goal of the Confrontation Clause is to ensure reliability of evidence, but it is a procedural rather than a substantive guarantee. *Crawford v. Washington*, 541 U.S. 36, 61 (2004). It commands, not that evidence be reliable, but that reliability be assessed in a particular manner: by testing in the crucible of cross-examination. *Ibid.*; *see Davis v. Alaska*, 415 U.S. 308, 315-16 (1974) (noting a primary interest

1 secured by the Confrontation Clause is the right of cross-examination). The Clause thus reflects
2 a judgment, not only about the desirability of reliable evidence, but about how reliability can
3 best be determined. *Crawford*, 541 U.S. at 61; *see, e.g.*, *United States v. Medjuck*, 156 F.3d
4 916, 919 n.1 (9th Cir. 1998) (Confrontation Clause serves purposes of ensuring that witnesses
5 will testify under oath, forcing witnesses to undergo cross-examination, and permitting the jury
6 to observe the demeanor of witnesses.); *Wood v. Alaska*, 957 F.2d 1544, 1549 (9th Cir. 1992)
7 (the right to confrontation includes the right to cross examine adverse witnesses and to present
8 relevant evidence).

9 Confrontation Clause claims are subject to harmless error analysis. *United States v.*
10 *Nielsen*, 371 F.3d 574, 581 (9th Cir. 2004) (post-*Crawford* case); *see also United States v.*
11 *Allen*, 425 F.3d 1231,1235 (9th Cir. 2005). For purposes of federal habeas corpus review, the
12 standard applicable to violations of the Confrontation Clause is whether the inadmissible
13 evidence had an actual and prejudicial effect upon the jury. *See Hernandez v. Small*, 282 F.3d
14 1132, 1144 (9th Cir. 2002) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)); *Webb v.*
15 *Lewis*, 44 F.3d 1387, 1393 (9th Cir. ) (same).

16 Respondent argues that this claim is unexhausted because petitioner did not claim that
17 his right to confront witnesses had been violated in his petition to the state high court.
18 Nevertheless, unexhausted claims may be dismissed if they are meritless. *See* 28 U.S.C.
19 2254(b)(2). The record shows the parties stipulated that the court could consider the victim's
20 preliminary hearing testimony in lieu of live testimony from the victim. *See supra* at 2. Such a
21 stipulation necessarily implied that petitioner was intentionally foregoing the opportunity to
22 cross-examine the victim in open court.

23 Even assuming that his right to confrontation was violated, petitioner must show that the
24 error had a substantial and injurious effect on the verdict. *See Brecht*, 507 U.S. at 637.
25 Petitioner pleaded no contest to the other robberies and admitted the firearm use enhancements.
26 *See supra* at 2. The victim of one of those robberies was the cashier who was also the rape
27 victim. *Ibid.* Petitioner's identity as the rapist was supported by the DNA evidence recovered
28 from the victim, which established that the odds of the perpetrator being someone other than

4

1  petitioner was "greater than one in three hundred billion." RT 40-41. Petitioner's only defense
2  was challenging the DNA expert's testimony. Furthermore, as respondent points out, petitioner
3  does not explain what he would have gained by cross-examining the victim. Based on the
4  overwhelming evidence in the record and the lack of any indication that a cross-examination
5  would have elicited probative testimony, it cannot be said that the denial of the opportunity to
6  confront the victim prejudiced petitioner. Nor does petitioner suggest that there were any other
7  witnesses that he was prevented from cross-examining. Accordingly, this claim is DENIED as
8  without merit.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

In order to prevail on a Sixth Amendment ineffectiveness of counsel claim, petitioner must show: first, that counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness" under prevailing professional norms. *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). Second, he must affirmatively establish that he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 693–94. A reasonable probability is defined as a probability sufficient to undermine confidence in the outcome. *Ibid.*

Judicial scrutiny of counsel's performance must be highly deferential, and a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689. A difference of opinion as to trial tactics does not constitute denial of effective assistance. *United States v. Mayo*, 646 F.2d 369, 375 (9th Cir. 1981), and tactical decisions are not ineffective assistance simply because in retrospect better tactics are known to have been available. *Bashor v. Risley*, 730 F.2d 1228, 1241 (9th Cir. 1984).

Petitioner claims that his trial counsel was ineffective because he failed to present petitioner's version of events at trial, *i.e.*, that the rape victim "compromised having sex with him, and invited him to an area near the rear of the store where the act took place" and that she even asked for a cigarette when it was over (Pet. 4). In other words, petitioner is claiming that counsel should have presented a consent defense. This claim is without merit. Not only is this

5

1   new version of events wholly unsupported by the record, but it directly contradicts the identity
2   defense presented at trial.  Counsel's strategy to attack the identity of the rapist by challenging
3   the DNA evidence avoided having petitioner testify while a consent defense would have
4   required it.  Furthermore, as respondent points out, a consent defense would have implicitly
5   admitted identify such that counsel had to choose the best defense between two inconsistent
6   theories.  Even if petitioner did not agree with counsel's strategy, this difference of opinion
7   does not constitute denial of effective assistance.  *See Mayo*, 646 F.2d at 375.

Petitioner also fails to show that he was prejudiced by counsel's deficient performance.  It is simply unlikely that the trial court would have believed petitioner's version of events – that he had consensual sex with the cashier of the gas station in the middle of a robbery – over the statement of the rape victim.  There is also no evidence in the state record to support petitioner's version of events, presented for what appears to be the first time, in the instant federal petition.  In view of the evidence against petitioner, even if it assumed that counsel's performance was deficient for the reason alleged by petitioner, there is no reasonable probability that, but for counsel's unprofessional error, the result of the proceeding would have been different.  There was no prejudice from the alleged error.

The state courts' rejection of this claim was not contrary to, nor an unreasonable application of, clearly established Supreme Court authority.

**CONCLUSION**

For the foregoing reasons, the petition for writ of habeas corpus is **DENIED**.

A certificate of appealability will not issue.  *See* 28 U.S.C. 2253(c).  This is not a case in which "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Clerk shall enter judgment in favor of respondent and close the file.

**IT IS SO ORDERED**

Dated: August   19  , 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\HC.12\CAMPBELL4299.RUL.hhl.wpd

6